IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent J. Cantera,     :
    : No. 2388 C.D. 2015
       Petitioner     : Submitted: June 17, 2016
    :
       v.     :
    :
Workers' Compensation Appeal     :
Board (Worley and Obetz),     :
    :
       Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED: September 9, 2016


Vincent J. Cantera (Claimant) petitions *pro se* for review of the November 17, 2015 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) that granted the termination petition of benefits filed by Worley & Obetz (Employer) under the Pennsylvania Workers' Compensation Act (Act).[1] Because Employer presented unequivocal and competent medical evidence that Claimant fully recovered from his work-related injuries, we affirm.

On April 25, 2013, Claimant injured himself in the course and scope of his employment as a fleet-fueling truck driver when he fell while fueling a

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1041.4, 2501-2708.

tractor-trailer. Pursuant to a notice of temporary compensation payable (NTCP) describing the work-injuries as left-elbow and left-hip contusion, Claimant received $552.33 in weekly compensation benefits based on an average, pre-injury weekly wage of $828.49. Reproduced Record (R.R.) at 241a. Claimant's review petition expanding the work-injuries to include a low-back injury was granted. *Id.* at 234a.

Employer filed a termination petition[2] averring that Claimant had fully recovered from his work-injuries as of August 8, 2013. R.R. at 241a. Claimant and Employer's vice-president of human resources (Vice-President) testified at the WCJ's hearings. *Id.* at 66a-149a, 210a-232a. Employer also submitted a Notice of Ability to Return to Work, diagnostic studies, and the deposition testimony and reports of John Perry, M.D., a board-certified orthopedic surgeon, who performed an independent medical examination (IME). *Id.* at 1a-65a. In opposition, Claimant submitted the deposition testimony of his treating physician, Paul Avadanian, D.O., who is board-certified in family medicine. *Id.* at 150a-209a.

Claimant testified that his foot got caught on a rock while he was fueling a tractor-trailer causing him to fall and injure his hip. R.R. at 96a. He stated that he immediately experienced pain from his left-arm through his elbow and from his left-hip through his thigh. *Id.* at 97a. He sought medical treatment within a few days. *Id.* at 97a, 107a. Later, he returned to work and attempted to perform a modified-duty job at Employer's convenience store, but he could not sit on the Employer-provided wooden stool. *Id.* at 98a-99a.

---

[2] Employer also filed suspension and modification petitions, but these petitions were dismissed as moot because the termination petition was granted. R.R. at 234a.

Claimant treats with Dr. Avadanian once a month for his work-injury. He received an injection in his left-hip in the summer of 2013 and was prescribed three or four medications, all of which failed to alleviate his pain. Currently, Claimant does not take any medications for his work-related injury nor attend physical therapy. R.R. at 100a-101a, 111a. Although Claimant receives treatment for his work-injury and continues to have a dull ache in his left-hip and low-back, he no longer receives treatment for his left-elbow. *Id.* at 100a-101a, 108a.

Claimant does not believe he is fully recovered from his work-injury and does not think that he can perform his pre-injury job because Dr. Avadanian has restricted him from truck driving and from lifting more than five pounds. R.R. at 102a-104a. Likewise, he does not think he can perform the modified-duty position at the convenience store because he cannot sit on the stool which is made of wood and does not have back support. *Id.* at 105a.

Vice-President testified that Claimant sustained a work-injury in April 2013 while working as a fleet-fueling truck driver. R.R. at 245a. She stated that Claimant thereafter returned to light-duty work in the office and in the maintenance department for brief periods until he went off work completely. *Id.* at 246a. She testified that in October 2013, Employer offered Claimant the less physically demanding full-time transport-driver position following an IME, but that Claimant did not accept this position, and that it remains open and available to him. *Id.* at 245a.

Vice-President stated that after the full-duty job offer, Dr. Avadanian restricted Claimant to sedentary-duty and no-lifting over five pounds. R.R. at 245a. She testified that based on these restrictions, Employer offered Claimant a sales-associate position at its convenience store working the cash register and

3

provided a stool for Claimant's use. *Id.* She stated that Employer bought a cushioned chair with back support following Claimant's complaints regarding the wooden stool. *Id.* at 228-29a. Vice-President testified that this light-duty position remains open and available for Claimant. *Id.* at 230a.

Dr. Perry testified that he obtained a history from Claimant concerning his work-injury and performed a physical examination. R.R. at 11-12a. Pertaining to Claimant's left-elbow contusion, Dr. Perry found no objective evidence of impairment. *Id.* at 17a. He reviewed two sets of x-rays and reports from two separate dates that showed nothing abnormal and he reviewed chart notes showing that the left-elbow symptoms had subsided as of May 3, 2013. *Id.* at 15a, 17a. Dr. Perry opined that Claimant fully recovered from the left-elbow contusion based on his review of the chart, the negative objective studies, and because Claimant did not have any subjective complaints. *Id.* at 18a.

Regarding the left-hip contusion, Dr. Perry stated that he palpated Claimant's back and legs and conducted numerous tests, but he did not find anything that objectively correlated to Claimant's subjective complaints. R.R. at 12a-13a, 16a. Dr. Perry stated that because of Claimant's subjective complaints, he recommended a bone-scan which came back negative. *Id.* at 243a. Following a review of the negative bone-scan, Dr. Perry testified that he issued an addendum report opining that Claimant had fully recovered from his left-hip contusion because there was no objective validation of an ongoing left-hip injury. *Id.*

Dr. Perry explained that Claimant had a "rocking gait," but that it was not a "Trendelburg gait" which "is due to weakness in the hip muscles and pain in the hip joint." R.R. at 12a-13a. He stated that he could not characterize Claimant's rocking gait; he could not find an objective basis for Claimant's

4

subjectively altered gait; and, there was nothing in his examination of Claimant's hip to relate the examination to the gait. *Id.* at 13a-14a.

As to the low-back injury, Dr. Perry stated that he found no objective evidence that Claimant suffered a back injury as part of his work-related injury. R.R. at 18a. Although Claimant complained of some tenderness, Dr. Perry testified that he performed a straight-leg raise test which did not produce back pain. *Id.* He also reviewed an x-ray and report of Claimant's low-back showing a mild curvature due to Claimant's positioning and mild degenerative changes in the form of spurring or osteophytes, but no fractures or changes caused by trauma were apparent. *Id.* at 19a. Dr. Perry opined that there was no evidence that Claimant suffered a low-back injury and, if Claimant had, then he was fully recovered from that injury. *Id.*

Dr. Avadanian testified that he first treated Claimant in October 2013 where Claimant presented with low-back and left-hip pain. R.R. at 158a-59a. He stated that he performed a physical examination, noting that Claimant had a decreased range of motion and experienced tenderness in his low-back and left-hip. *Id.* He testified that Claimant walked with an antalgic gait and could barely sit or stand for long periods. *Id.* at 159a. He stated that he diagnosed Claimant as having low-back and left-hip pain, and placed him on sedentary-duty and five-pound lifting restrictions. *Id.* at 160a.

Dr. Avadanian reviewed the MRI results, noting the study showed moderate disc degeneration, with a mild to moderate disc protrusion resulting in left-greater-than-right foraminal narrowing at L3-4; L4 and L5; a broad disc protrusion at L2-3; and pinched nerves on the left side. R.R. at 163a-64a. He

opined that these findings are causally related to Claimant's work-injury because they are not related to arthritis. *Id.* at 164a.

Dr. Avadanian opined that Claimant has not fully recovered from his work-injury and although Claimant has been stable since October 2013, he has not released Claimant to return to full-duty work because Claimant can barely walk, sit, or stand, and is in daily pain. R.R. at 165a. Dr. Avadanian concluded that Claimant cannot work in any capacity, believing he needs epidural injections and possible low-back and left-hip surgery. *Id.* at 166a.

On cross-examination, Dr. Avadanian testified that the MRI shows age-related disc abnormalities and no traumatic findings. R.R. at 173a-74a. He stated that he treated Claimant for a low-back spasm prior to the work-injury in October 2012. *Id.* at 175a. He testified that Claimant passed a department of transportation (DOT) physical exam in his office four months after the work-injury, which noted a normal neurological exam and the lumbar spine and lower extremities to be normal. *Id.* at 178a-79a. Moreover, he stated that the negative bone-scan rules out any traumatic bone injury to the hip; there is no objective evidence to substantiate an ongoing back and hip injury; and the only evidence is Claimant's subjective complaints. *Id.* at 182a-85a.

Based on personal observation of their demeanor and comportment at the hearings, the WCJ found Vice President's testimony credible; Claimant's subjective complaints not credible; and Claimant's testimony inconsistent. WCJ 12/5/14 Decision, Findings of Fact (F.F.) Nos. 23, 24.[3] The WCJ noted that

---

[3] The WCJ has complete authority over questions of credibility, conflicting medical evidence, and evidentiary weight. *Sherrod v Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Lombardo v. Workers' Compensation*
**(Footnote continued on next page…)**

6

Claimant denied having back problems before his work-injury; yet, Dr. Avadanian's records indicated Claimant treated six-months prior for back pain. F.F. No. 23. Likewise, the WCJ noted that Claimant testified that he could not sit or stand for longer than fifteen minutes in order to perform the cashier position, and inconsistently testified that he could drive his pick-up truck for one to two hours. *Id.*

The WCJ found Dr. Perry, a board certified orthopedic surgeon, more qualified than Dr. Avadanian to determine the nature and extent of Claimant's work-injury. F.F. Nos. 20, 21, 22. Because of this, the WCJ found Dr. Perry's testimony more credible than Dr. Avadanian's testimony, where there were differences between their testimony. *Id.* Based on a thorough physical examination, review of the medical records, review of the diagnostic studies, and testing for a neurologic component for the low-back pain, the WCJ found Dr. Perry credibly opined that Claimant had fully recovered from his work-injury. *Id.*

The WCJ found it significant that Dr. Perry "held off" on giving an opinion until after the bone-scan came back negative, indicating that he was not providing a "rubber-stamp" of full recovery. F.F. No. 21. The WCJ found Dr. Avadanian's conclusion that Claimant could only return to sedentary-duty work inconsistent with Claimant's passing of the DOT exam performed by his office,

---

*Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997), *appeal denied*, 718 A.2d 787 (Pa. 1998). As the ultimate fact-finder, the WCJ's findings are binding on appeal if supported by substantial evidence. *Agresta v. Workers' Compensation Appeal Board (Borough of Mechanicsburg),* 850 A.2d 890, 893 (Pa. Cmwlth. 2004). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 539 A.2d 11, 14 (Pa. Cmwlth. 1988).

and found Dr. Perry's opinion of full recovery to be consistent with and supported by Claimant's passing of the DOT exam. *Id.* The WCJ concluded that Claimant sustained a low-back injury as part of his work-injury, and that Employer demonstrated Claimant fully recovered from his left-elbow contusion, left-hip contusion, and low-back injury. F.F. Nos. 25, 26. The Board affirmed on appeal, finding that Employer established through Dr. Perry's testimony that Claimant had fully recovered from his work-related injury. Board 11/17/15 Opinion at 5.

In this appeal,[4] Claimant argues that the WCJ erred in granting a termination of benefits because he presented competent and corroborated evidence that he has not fully recovered from his work-injuries; Dr. Perry's testimony is not competent evidence of full recovery because he was not Claimant's treating physician, he could not characterize Claimant's gait, and he did not acknowledge Claimant's recognized back injury; and Employer failed to offer Claimant available work within his disabilities.

In a termination proceeding, the employer bears the burden of proving a claimant's disability has ceased or that any remaining disability is not the result of the work-injuries. *O'Neill v. Workers' Compensation Appeal Board (News Corp. Ltd.),* 29 A.3d 50, 53 (Pa. Cmwlth. 2011). The employer can meet this burden by presenting unequivocal and competent medical evidence of a claimant's full recovery from the work-injuries.[5] *Koszowski v. Workmen's Compensation*

---

[4] Our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, and whether constitutional rights were violated or an error of law was committed. *Chesik v. Workers' Compensation Appeal Board (Department of Military and Veterans' Affairs),* 126 A.3d 1069, 1074 (Pa. Cmwlth. 2015).

[5] The issue of whether medical evidence is unequivocal and competent is a matter of law subject to plenary, *de novo* review, and is not a question of fact or credibility. *Terek v.*
**(Footnote continued on next page…)**

*Appeal Board (Greyhound Lines, Inc.),* 595 A.2d 697, 699 (Pa. Cmwlth. 1991). When a claimant continues to complain of pain, the employer must demonstrate that the "claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work[-]injury." *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.),* 705 A.2d 1290, 1293 (Pa. 1997).

Here, the work-injury consisted of a left-elbow contusion, a left-hip contusion, a low-back injury, and Claimant's continued subjective complaints of pain. However, Dr. Perry credibly testified, without equivocation, that Claimant had fully recovered from his left-elbow contusion based on the lack of any objective evidence showing impairment and the absence of any subjective complaints of pain by Claimant. R.R. at 18a. Likewise, Dr. Perry did not find any objective evidence that correlated to Claimant's subjective complaints of pain in his left-hip or low-back, and credibly testified, without equivocation, that Claimant fully recovered from those injuries. *Id.* at 12a-13a, 16a-19a, 28a. Dr. Perry also could not find an objective basis for Claimant's subjectively altered gait and found nothing in his examination of Claimant's hip to relate it to the altered gait. *Id.* at 13a-14a. Nevertheless, before concluding that Claimant had fully recovered from his work-injuries and could return to work without restrictions, Dr. Perry

---

**(continued…)**

*Workmen's Compensation Appeal Board (Somerset Welding & Steel, Inc.),* 668 A.2d 131, 132 (Pa. 1995).

recommended an additional bone-scan, which was negative. R.R. at 18a-24a.[6] Based on the foregoing, the WCJ's decision granting the termination petition was supported by substantial evidence and we cannot accede to Claimant's request to reconsider or reweigh the credited evidence.

Additionally, Dr. Perry's testimony was competent to support the termination of benefits even though he was not Claimant's treating physician and merely performed an IME. *See Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 562 A.2d 437, 441 n.6 (Pa. Cmwlth. 1988) ("[A]lthough treating physicians may be preferred as witnesses in workmen's compensation cases, the fact that a medical witness was not the claimant's treating physician relates only to the weight, and not to the competency, of his or her testimony, which is, again, a determination for the [WCJ].").

Moreover, Dr. Perry's testimony was competent to terminate benefits even though he could find no objective evidence that Claimant had suffered a back injury as part of his work-related injuries because he also testified that if Claimant had suffered such a work-injury, then Claimant was fully recovered from that injury. *See, e.g., Jackson v. Workers' Compensation Appeal Board (Resources for Human Development)*, 877 A.2d 498, 502-03 (Pa. Cmwlth. 2005) (holding that medical expert's testimony supported finding of full recovery from a bruised knee where he did not state that the claimant had suffered a disabling knee injury but opined that, based on the assumption that the claimant had suffered a knee injury, it had resolved). "A medical professional is not required to believe a condition

---

[6] Dr. Avadanian also testified Claimant experienced a left-hip and low-back injury, and that there was only subjective evidence of Claimant's ongoing pain in these areas. R.R. at 161a, 167a, 188a.

10

existed; he is merely required to accept as true the adjudicated fact that a condition existed and opine as to whether the condition continues to exist at the time of the examination." *Folmer v. Workers' Compensation Appeal Board (Swift Transportation)*, 958 A.2d 1137, 1147 (Pa. Cmwlth. 2008), *appeal denied*, 971 A.2d 493 (Pa. 2009).

Finally, contrary to Claimant's assertion, because the termination petition was granted and the other petitions were dismissed as moot, Employer was not required to establish work availability. *See, e.g., Laird v. Workmen's Compensation Appeal Board (Michael Curran & Associates),* 585 A.2d 602, 603 (Pa. Cmwlth. 1991) (holding that an employer is not required to establish work availability once it is established that all of a claimant's disability related to the work-injury has ceased).

Accordingly, the Board's order is affirmed.

MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincent J. Cantera,           :
                                : No. 2388 C.D. 2015
               Petitioner     :
                                :
               v.                :
                                :
Workers' Compensation Appeal   :
Board (Worley and Obetz),      :
                                :
             Respondent    :

O R D E R

AND NOW, this 9<u>th</u> day of <u>September</u>, 2016, the order of the Workers' Compensation Appeal Board dated November 17, 2015, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge