IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles D. Galloway,             :
                                   :
                 Petitioner     :
                                   :
                 v.               :  No. 1752 C.D. 2016
                                   :  Submitted: May 5, 2017
Workers' Compensation Appeal    :
Board (JRJ Energy Services, LLC),  :
                                   :
             Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED: December 11, 2017

Charles D. Galloway (Claimant) petitions *pro se* for review of the August 27, 2016 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) denying Claimant's claim petition and granting the termination petition filed by JRJ Energy Services, LLC (Employer). We affirm.

Claimant began working as a pipeline inspector for Employer in May or June of 2011. Employer issued a notice of temporary compensation payable, which subsequently converted to a notice of compensation payable, acknowledging a November 17, 2011 work injury in the nature of a tick bite and resulting Lyme disease. On February 8, 2014, Employer filed a termination petition alleging that Claimant had fully recovered from his work injury as of December 12, 2013.

During the course of that litigation, Claimant filed a claim petition alleging that he suffered a prior work-related tick bite on October 4, 2011, and was disabled by Lyme disease as a result of both work injuries. The petitions were consolidated for hearings before the WCJ.

Claimant testified that his job duties involved continuous walking through areas that were being cleared of trees. He said he discovered a tick bite in October 2011, reported it to Employer, and was treated with antibiotics by Clarence Mast, M.D. Claimant stated that he had a second tick bite in November 2011 for which Dr. Mast again prescribed antibiotics. Claimant testified that he experienced fatigue, but he continued working. He subsequently developed painful burning in his feet that worsened over time and caused him to stop working in November 2013.

Dr. Mast testified that he has treated approximately 1,000 cases of Lyme disease during his years of family practice. He said that Claimant visited his office on November 18, 2011, and a nurse practitioner excised a tick from Claimant's right forearm and prescribed Doxycycline for 21 days. He added that Claimant previously had been treated for tick bites in November 2009 and October 2011 and was prescribed a course of antibiotics on each occasion.

Dr. Mast testified that results of a blood test in December 2011 showed no indication of Lyme disease, and his office notes of December 2011 reflected that Claimant had no symptoms of Lyme disease at that time. However, a March 12, 2012 test performed by a different laboratory was positive for Lyme disease, and Dr. Mast believed that the second test was more accurate. His notes of Claimant's office visit on March 29, 2012, again reflected no symptoms of Lyme disease.

Dr. Mast stated that, during an office visit on May 15, 2012, Claimant complained of back pain and burning in his feet. Dr. Mast attributed these symptoms

2

to Bartonella, a co-infection related to the tick bites that may not show up in testing but typically starts with tingling and burning in the feet. His diagnoses on that date were Lyme disease, Bartonella, and neuropathy related to Bartonella. At a June 2012 visit, Claimant still had significant burning in his feet, and Dr. Mast prescribed antibiotics and anti-inflammatory medications.

Dr. Mast next saw Claimant in March 2013, at which time Claimant was very achy, his feet were burning, and he was experiencing headaches. Dr. Mast explained that while Claimant may have been doing well during the preceding nine months, Bartonella and neuropathies are difficult to cure. Dr. Mast believed that Claimant was unable to work as of April 2014, because his neuropathy was severe and he had developed ataxia. As of the date of his September 23, 2014 deposition, Dr. Mast continued to treat Claimant for joint and muscle pain, fatigue, rib cage inflammation, and neuropathic pain.

Employer submitted the deposition testimony of Michael Silverman M.D., who is board certified in infectious diseases and internal medicine. Dr. Silverman testified that a diagnosis of Lyme disease can be confirmed by objective studies such as blood tests. He stated that if an embedded tick is pulled out within 72 hours and the patient is given one dose of Doxycycline, the risk of development of Lyme disease is next to zero.

Dr. Silverman examined Claimant on December 12, 2013, and February 13, 2015, and reviewed Claimant's medical records. He discounted the test results relied upon by Dr. Mast, explaining that the testing in question is not approved or clinically recommended by the Centers for Disease Control or insurance companies to confirm or rule out Lyme disease. He also observed that the 21-day

dose of Doxycycline given to Claimant following his November 2011 tick bite would eradicate Lyme disease 99.9% of the time.

Dr. Silverman testified that the development of neuropathy more than one-and-a-half years after the tick bites was inconsistent with a causal relationship. Based on his examination of Claimant, Dr. Silverman believed that as of February 13, 2015, Claimant was not suffering from Lyme disease or any other tick-related illness. He explained that Claimant did not exhibit the musculoskeletal symptoms or neurological symptoms commonly seen in Lyme disease patients and he has never had a patient with Lyme disease complain of burning and pain in the balls of his feet. Dr. Silverman specifically concluded that the problems Claimant was experiencing with his feet were not related to the October or November 2011 tick bites or a Bartonella infection.

The WCJ set forth the witnesses' testimony in detail. WCJ's Findings of Fact, Nos. 5-23. Ultimately, the WCJ accepted Dr. Silverman's testimony and opinions as more credible and persuasive than the testimony and opinions of Dr. Mast. Based on those credibility determinations, the WCJ found that Claimant was fully recovered from Lyme disease as of December 12, 2013. Accordingly, the WCJ granted Employer's termination petition and dismissed Claimant's claim petition. Claimant appealed to the Board, arguing that substantial evidence of record supports a determination that he has not fully recovered from his work injury. Citing the WCJ's authority over questions of witness credibility and evidentiary weight,[1] the Board affirmed the WCJ's decision.

---

[1] *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995).

On appeal to this Court,[2] Claimant again challenges the credibility and accuracy of the expert opinion testimony relied upon by the WCJ. Throughout his appellate brief, Claimant compares the testimony of the parties' medical witnesses, asserts that Dr. Silverman's opinions are defective, and contends that the WCJ erred on basing his decision on what he characterizes as Dr. Silverman's inconsistent and faulty testimony.

Initially we note that in a termination proceeding, the employer bears the burden of proving a claimant has fully recovered from his work-related injury. *Udvari v. Workmen's Compensation Appeal Board (USAir. Inc.),* 705 A.2d 1290, 1293 (Pa. 1997). The employer can meet this burden by presenting unequivocal and competent medical evidence of a claimant's full recovery from a work-related injury. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.),* 595 A.2d 697, 699 (Pa. Cmwlth. 1991). In an original claim proceeding, a claimant bears the burden of proving all of the elements necessary to support an award of benefits, including the burden to establish the duration and extent of disability. *Second Breath v. Workers' Compensation Appeal Board (Gurski)*, 799 A.2d 892, 899 (Pa. Cmwlth. 2002). For each petition, the party with the burden of proof must meet its burden of production and burden of persuasion in order to prevail. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper),* 645 A.2d 957, 963 (Pa. Cmwlth. 1994).

In deciding these petitions, the WCJ credited Dr. Silverman's testimony. Dr. Silverman stated that the tests on which Dr. Mast relied were of

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown),* 830 A.2d 649, 653 n.2 (Pa. Cmwlth. 2003).

questionable validity, and he noted an absence of laboratory tests that might have confirmed diagnoses of Bartonella or other tick-related infections. He testified that the symptoms Claimant complained of in March 2013 were inconsistent with Lyme disease and that Claimant had no symptoms related to tick bites at his examination on February 13, 2015. The WCJ did not credit the contrary testimony of Dr. Mast.

It is a fundamental tenet of workers' compensation law that the WCJ has complete authority over questions of credibility, conflicting medical evidence, and evidentiary weight. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.)*, 666 A.2d 383, 385 (Pa. Cmwlth. 1995). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Lombardo v. Workers' Compensation Appeal Board (Topps Company, Inc.)*, 698 A.2d 1378, 1381 (Pa. Cmwlth. 1997). As the ultimate fact-finder, the WCJ's findings are binding on appeal if supported by substantial evidence. *Agresta v. Workers' Compensation Appeal Board (Borough of Mechanicsburg),* 850 A.2d 890, 893 (Pa. Cmwlth. 2004).[3]

Claimant acknowledges that he is "attempting to re-examine the case facts, and raise alerts to their truthfulness and consistency, so the Court can determine whether the evidence is competent and substantial – with the ending result being reinstatement of [benefits]." Claimant's reply brief at 3. However, assessments of credibility and evidentiary weight are beyond our scope of appellate review; this Court may not disregard a WCJ's credibility determination, or substitute its own findings of fact for those made by the WCJ. *RAG (Cyprus) Emerald Resources, L.P. v. Workers' Compensation Appeal Board (Hopton)*, 912 A.2d 1278,

---

[3] "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 539 A.2d 11, 14 (Pa. Cmwlth. 1988).

1286 (Pa. 2007). Instead, our review is limited to determining whether the WCJ's necessary findings of fact are supported by substantial evidence. *City of Philadelphia,* 830 A.2d at 653 n.2. Having carefully reviewed the record, we conclude that substantial evidence supports the WCJ's findings. Therefore, this Court is bound by those findings on appeal.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles D. Galloway,                          :
                                              :
                          Petitioner          :
                                              :
              v.                              :  No. 1752 C.D. 2016
                                              :
Workers' Compensation Appeal                  :
Board (JRJ Energy Services, LLC),             :
                                              :
                          Respondent          :


O R D E R


        AND NOW, this 11th day of December, 2017, the order of the Workers'

Compensation Appeal Board, dated August 25, 2016, is affirmed.


                                _____
                                MICHAEL H. WOJCIK, Judge