# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathy Ann Charter,  :
              Petitioner  :
                             :   No.  1152 C.D. 2022
          v.  :
                             :   Submitted: May 12, 2023
Lehigh Valley Health Network  :
(Workers' Compensation Appeal  :
Board),  :
              Respondent  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE MARY HANNAH LEAVIT, Senior Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                  FILED: September 22, 2023

       Kathy Ann Charter (Claimant) petitions for review of the September 26, 2022 Order of the Workers' Compensation Appeal Board (Board), which affirmed the Workers' Compensation Judge's (WCJ) denial of Claimant's Claim Petition and reimbursement for litigation costs. The WCJ found that the November 16, 2020 event that caused her to stop working was separate and non-work-related while a September 15, 2020 work injury permitted her to continue working in light-duty capacity. Upon careful review, we affirm.

## FACTS AND PROCEDURAL HISTORY

       Claimant, a medical assistant employed by Lehigh Valley Health Network (Employer), filed a Claim Petition on February 3, 2021, for an injury that occurred on September 15, 2020. (Reproduced Record (R.R.) at 00001a-3a.) On the Claim

Petition, Claimant described the injury as "low back, right leg," and listed September 15, 2020, as the date of the injury with November 16, 2020, as the date she stopped working due to the injury. (R.R. at 000002a-3a.)

On March 10, 2021, Claimant testified before WCJ Patricia Bachman. (R.R. at 000006a, 000008a.) Claimant recounted that the September 15, 2020 injury occurred when she was physically transferring a patient from a bed to a wheelchair and felt "her lower back g[i]ve out." (WCJ Finding of Fact (FOF) at 3(1); R.R. at 000190a.) Claimant described the pain as constant, in her lower left back, but not extending into her legs and feet. (FOF at 4(6); R.R. at 000191a.) Claimant sought medical care at the emergency room (ER) that same day and received pain medications. (FOF at 3(2); R.R. at 000190a.) She returned to work the following week in a light-duty capacity. (FOF at 3(2); R.R. at 000190a.) The pain persisted during the light-duty period until November 16, 2020. (FOF at 3(2); R.R. at 000190a.) On the morning of November 16, 2020, Claimant heard a "pop" while getting dressed for work and experienced intense, constant pain throughout her lower back that radiated down her right leg and into both feet (FOF at 3(2), 3(5), 4(6), 5(10); R.R. at 000190a-92a.) Claimant sought ER treatment and received pain medication. (FOF at 3(2); R.R. at 000190a). Claimant later underwent a magnetic resonance imaging (MRI) scan on November 24, 2020. (FOF at 3(5), 5(10); R.R. at 000190a, 000192a.) She never returned to work after November 16, 2020, and began receiving disability benefits on December 31, 2020. (FOF at 3(2), (4); R.R. at 000190a.) Claimant previously had episodes of back pain but differentiated them from her current condition, noting that the pain prior to September 15, 2020, was sporadic and transient. (FOF 3(1), 4(6); R.R. at 000190a-91a.) Claimant had received an MRI in 2018 for one of the episodes which consisted of back spasms. (FOF at 3(1); R.R. at 000190a.)

On March 19, 2021, Employer submitted a medical-only Notice of Compensation Payable (NCP) that acknowledged the September 15, 2020 injury as a "left low back strain." (FOF at 3(3); R.R. at 000190a.)

The WCJ received from Claimant the deposition of Dr. Nirav Shah (Dr. Shah), a neurological surgery practitioner. Dr. Shah, to whom Claimant was referred by her counsel, saw Claimant on three occasions. (FOF at 3(5), 4(7), (9); R.R. at 000190a, 000191a.) At the first visit, Dr. Shah conducted a physical examination of Claimant and reviewed the 2018 and 2020 MRIs that both showed herniations in the L2 through L5 discs. (FOF at 4(7)-(8); R.R. at 000191a.) Notably, the MRIs showed left-sided herniation while Claimant described the pain as right-sided. (FOF at 4(8); R.R. at 000191a.) Dr. Shah concluded that the September 15, 2020 injury was an aggravation injury to those discs as well as a lumbar radiculopathy. (FOF at 4(8); R.R. at 000191a.) Dr. Shah distinguished the September 15, 2020 injury which contributed to Claimant's preexisting back condition and the November 16, 2020 event which aggravated the symptoms to where they were "more symptomatic and ultimately disabling." He concluded that the November 2020 event precluded her from returning to her pre-injury work capacity. (FOF at 5(9); R.R. at 000192a.) He justified his diagnosis of a lumbar radiculopathy via his reading of Claimant's electromyograph (EMG) test ordered by a doctor in his practice. (FOF at 3(5), 4(9); R.R. at 000190a, 000191a.) Notably, Dr. Shah was unfamiliar with the details of the November 16, 2020 event and did not review the prior work injury treatment records. (FOF at 5(10); R.R. at 00192a.) Dr. Shah concluded from the first visit that Claimant was unable to return to work in full capacity, and his diagnosis and finding of Claimant's inability to work remained the same after the subsequent visits. (FOF at 4(8)-(9); R.R. at 00191a-92a.)

Employer supplied the deposition of Dr. Stephen Banco, a board-certified orthopedic surgeon, for the WCJ's review. (FOF at 5(11); R.R. at 000192a.) Dr. Banco conducted an independent medical examination (IME) on Claimant who reported similar conditions – constant lower back pain that radiated down the right leg with numbness in both feet. (FOF at 5(11); R.R. at 000192a.) Dr. Banco noted that while Claimant's herniated L2 through L5 discs on the left side of her back remained unchanged, there were improvements between the 2018 and 2020 MRIs. (FOF at 6(11)-(12); R.R. at 000193a.) Dr. Banco concurred with a finding of a preexisting condition but disagreed with Dr. Shah's diagnosis of an aggravation because the MRIs showing an improvement with the herniated discs. (FOF at 6(12); R.R. at 000193a.) Dr. Banco discounted Dr. Shah's reliance on the EMG finding that the test is "highly inaccurate and subjective" as well as the results did not correlate with the MRI findings of the left-side herniations. (FOF at 7(13); R.R. at 000194a.) Notably, Dr. Banco concluded that no injury occurred on September 15, 2020. Therefore, Claimant could return to work in full-duty capacity. (FOF at 6(13a); R.R. at 000193a.)

On April 29, 2022, the WCJ denied and dismissed Claimant's Claim Petition, and Review Petition, finding that Claimant did not meet her burden of proof to amend the injury's description on the medical-only NCP. (WCJ Conclusion of Law (COL) at 8(2); R.R. at 000195a, 000197a.) As a result of failing to meet her burden, the WCJ denied reimbursement of litigation costs to Claimant. (FOF at 8(24); R.R. 000195a.) In reaching her decision, the WCJ found Claimant credible on her claim and description of the September 15, 2020 injury and resulting pain as constant and confined to her lower left back with no extension into her right leg or feet. (FOF at 7(18); R.R. at 000194a.) However, the WCJ found that Claimant was capable of and performed light-duty work after the September 15, 2020 injury up until November 16,

4

2020, during which period Claimant did not suffer any wage loss. (FOF at 3(4); 7(18); R.R. at 000190a, 000194a.) The WCJ found the November 16, 2020 event to be an "intervening event" and a "new complaint[], unrelated to the event of September 15, 2020." (FOF at 8(21); R.R. at 000195a.) Claimant's disability, the WCJ ultimately found, began on November 16, 2020, when she stopped working, and the injury was a result of a "non-work-related event" on that date. (FOF at 7(18), 8(23); R.R. at 000194a, 000195a.)

The WCJ found Dr. Banco's testimony credible on Claimant's condition except for his answer that no injury occurred on September 15, 2020, due to Claimant's credibility on that issue and Employer's concession to that date's injury. (FOF at 7(19), R.R. at 000194a-95a.) In finding Dr. Banco credible, the WCJ emphasized Dr. Banco's readings of the MRI reports that showed improvements with the herniated discs in Claimant's spine before and after the September 15, 2020 injury as well as the findings of left-sided herniated discs which corroborated Claimant's description of the pain on September 15, 2020, but not the pain from November 16, 2020, which included the right lower back. (FOF at 8(19); R.R. at 000195a.) The WCJ credited Dr. Banco's diagnosis that Claimant had a pre-existing condition with her back per her medical and treatment history and that Dr. Banco's discounting of aggravation was "reasonable." (FOF at 8(19); R.R. at 000195a.) In her reasoning for finding Dr. Shah not credible, WCJ explained that Dr. Shah lacked specifics on the November 16, 2020 event as well as Claimant's pre-injury treatment records, that his diagnosis of aggravation was not supported by the "objective" MRI results, and that the EMG finding of a right-sided radiculopathy was not related to the September 15, 2020 injury. (FOF at 8(20); R.R. at 000195a.) Lastly, the WCJ found credible that Claimant's description of the pain

5

extending to her right lower back down to her right leg was as a result of "an intervening event" and not the September 15, 2020 injury. (FOF at 8(19); R.R. at 000195a.)

Claimant appealed the WCJ's finding to the Board which affirmed the order on September 26, 2022. (R.R. at 000187a.) Claimant now appeals to this Court and raises two issues.[1] First, Claimant argues that the WCJ erred as a matter of law by failing to grant her Claim Petition and place her on suspension status. It is Claimant's position that her Claim Petition should have been granted outright with her indemnity benefits suspended as of November 16, 2020, in order to judicially protect her statutory right pursuant to Section 413(a) of the Workers Compensation Act (Act)[2] to file a reinstatement petition regarding her work injury within 500 weeks in the future. Second, Claimant contends that because she technically won on a disputed issue in the litigation, namely, the existence of a work injury, the WCJ erred in not awarding her litigation costs.

## DISCUSSION

We first address Claimant's issue that the WCJ erred by failing to grant her Claim Petition and not placing her on suspended status[3] for disability benefits

---

[1] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772. This Section provides the WCJ may "modify, reinstate, suspend, or terminate" an NCP, agreement or award "upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased."

[3] When benefits have been suspended, the claimant may seek reinstatement of total disability payments within three years of the last payment of benefits, or the maximum 500 weeks allowed for partial disability, whichever is later. *Sloane v. Workers' Compensation Appeal Board (Children's Hospital of Philadelphia)*, 124 A.3d 778, 785 (Pa. Cmwlth. 2015).

6

despite the medical-only NCP.[4]  Claimant argues that under *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164 (Pa. Cmwlth. 2012), a WCJ must grant a claim petition if the existence of a work-related injury is undisputed.  She asserts that in *Waldameer Park*, "the Commonwealth Court held that the granting of a [c]laim [p]etition was appropriate where a claimant meets her burden of showing the existence of a work injury and is simply seeking to preserve her right to seek future indemnity benefits for 500 weeks."  (Claimant's Brief at 12.)  She contends that here, Employer stipulated to the existence of a work-related injury when it issued a medical-only NCP in which it recognized that on September 15, 2020, she sustained a work injury that consisted of a "low back strain."  Therefore, according to Claimant, the WCJ should have granted her Claim Petition.  Next, relying on *Sloane*, Claimant argues that, at that point, because the WCJ awarded no wage loss benefits, but did not find full recovery from a work injury, she was entitled to a suspension status, which would allow her to file for a reinstatement of benefits within 500 weeks from the time of injury.  She asserts that the WCJ's decision not to grant the Claim Petition and place her on a suspension status leaves her with an ongoing work-related medical condition but no mechanism by which to seek reinstatement after three years. We find Claimant's arguments to be without merit.

---

[4] The WCJ, as fact finder, "has exclusive province over questions of credibility and evidentiary weight, and the [WCJ]'s findings will not be disturbed when they are supported by substantial, competent evidence." *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck)*, 664 A.2d 703, 706 (Pa. Cmwlth. 1995). The WCJ "is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Id.* Moreover, where both parties present evidence, it is irrelevant that the record contains evidence which supports a finding contrary to that made by the WCJ; rather, the pertinent inquiry is whether evidence exists that supports the WCJ's findings. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998).

In an original claim petition, the claimant bears the burden of proving all the elements necessary to support an award of workers' compensation benefits. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). It is the claimant's burden to establish by substantial, competent evidence that she was injured while in the course and scope of employment and that, as a result of the injury, she was disabled. *Id.* Significantly, a claimant has the burden of proving "not only that she sustained a compensable injury **but also that the injury continues to cause disability throughout the pendency of the claim petition**." *Innovative Spaces v. Workmen's Compensation Appeal Board (DeAngelis)*, 646 A.2d 51, 54 (Pa. Cmwlth. 1994). (emphasis added).

Here, Employer issued its medical-only NCP, describing the work injury as a left-sided low back strain. Claimant's Claim Petition sought to expand the description of the work injury in the NCP and sought an award of wage loss benefits as of November 16, 2020. Claimant fails to recognize the appropriate burden of proof where the claimant is seeking additional benefits where an employer issues a medical-only NCP. In this regard, Claimant argues that because Employer issued a medical-only NCP, the WCJ was required to grant her Claim Petition and suspend disability benefits. Claimant's argument is not in accord with the law.

First, Claimant's reliance on *Sloane* is misplaced. *Sloane* held that because Section 413(a) of the Act acts as a statute of repose, a claimant whose benefits are suspended may seek reinstatement of total disability payments within three years of the last payment of benefits or the maximum 500 weeks allowed for partial disability, whichever is later. 124 A.3d at 785. Before this Court, the claimant argued, as Claimant argues here, that a medical-only NCP was the legal equivalent of a determination that she had suffered a work injury with disability compensation

8

immediately suspended. We disagreed and held that the medical payments made under a medical-only NCP do not, for disability claims purposes, toll the running of the three-year original claim petition statute of limitations. We explained that "the effect of issuing a medical-only NCP is distinct from the effect of a WCJ ruling that a claimant has suffered a loss of earning power and granting a claim petition but immediately suspending benefits." *Sloane*, 124 A.3d at 784. Accordingly, we held that because the claimant failed to prove a disability that either increased or recurred, disability had not been suspended when the 2006 NCP was issued and the 500-week period for reinstatement of benefits did not govern the case. *Id.* at 778.

In *Ingrassia v. Workers' Compensation Appeal Board (Universal Health Services)*, 126 A.3d 394 (Pa. Cmwlth. 2015), this Court held that where the employer issues a medical-only NCP and the claimant subsequently seeks wage loss benefits (such as the situation in this case) the claimant must file a claim petition and prove that he or she sustained a work injury that resulted in a disability, *i.e.*, a loss of earning power. The *Ingrassia* Court explained as follows:

> [The e]mployer issued a medical[-]only NCP, acknowledging that [the c]laimant had sustained a non-disabling neck and lumbar strain/sprain work injury. This made [the e]mployer responsible for paying medical expenses for that injury, but nothing more. **Because [the c]laimant did not establish a loss of earning capacity resulting from the work injury accepted by [the e]mployer, there were no disability benefits to suspend or to reinstate. In short, [the c]laimant's case has not "advanced procedurally or in substance to the suspension/reinstatement stage."** [The c]laimant properly filed a claim petition and, thus, he had the burden of proving a disabling work injury by competent medical evidence.

*Id.* at 402 (emphasis added).

9

Here, Employer did not accept Claimant's claim that she suffered a work injury that caused a loss of earning power, and this claim has been fully litigated. In the end, it was established that Claimant sustained a work injury, but not one that caused a loss of earning power. As in *Sloane*, because the WCJ found that Claimant failed to prove a work-related **disability**, there is no basis upon which Claimant could be placed under a suspension status.

As correctly concluded by the Board, Claimant did not meet her burden of proof to establish that she sustained any additional work-related injury or work-related disability. Specifically, the WCJ credited the testimony of Dr. Banco, in part, and Claimant's own testimony about the non-work related incident on November 16, 2020, following which she had new radiating symptoms and was unable to work.

While the WCJ credited Claimant's testimony regarding the September 15, 2020 work injury, the WCJ also found Claimant was able to light duty work without a loss of wages through November 16, 2020. It was not until November 16, 2020, when Claimant experienced a **non-work-related** injury at home, that she was not able to work light duty. In other words, the WCJ found it was **this injury** that changed Claimant's symptoms from left lower back pain to right-sided radiating pain into the right leg. Claimant's own testimony confirmed this, in addition to the medical records which contained no complaints of right sided lower back pain or radiating leg pain until after November 16, 2020. (R.R. at 00190a-000197a.)

Significantly, the WCJ also credited Dr. Banco's testimony that Claimant's MRIs from 2018 and 2020 were unchanged and the medical records prior to 2020 showed preexisting lower back complaints. As found by the WCJ, until the November 2020 non-work-related incident, Claimant did not have the right-side pain and had been able to work light duty.

10

These credibility determinations and findings substantiate that Claimant did not meet her burden of proof to show that the accepted lower back strain incurred on September 15, 2020, caused a wage loss as of November 16, 2020, or that the description of injury should be amended to include an aggravation of the L2 through L5 discs or lumbar radiculopathy.

Accordingly, Claimant had no "right" to seek "reinstatement" within 500 weeks where, as here, Employer accepted liability for the ongoing medical expenses related to the claim, but where Claimant failed to prove a work-related disability. Because Claimant did not prove any work-related disability, there were no disability benefits to suspend or to reinstate. *See Ingrassia*. As a result, the Claim Petition was properly denied.[5] As found by the Board:

> The WCJ found Claimant's testimony credible as to an injury on September 15, 2020 and a change in her complaints and ability to work following an incident at home on November 16, 2020. She found no evidence of wage loss before November 16 and that Claimant's wage loss after November 16 was caused by a non-work-related event. The WCJ did not accept Dr. Shah's opinion, as he was not aware of the intervening event on November 16 and did not have pre-injury records, and the MRI findings

---

[5] Contrary to Claimant's contention, *Waldameer Park* did not require the WCJ to grant Claimant's Claim Petition. *Waldameer Park* concerned the employer's failure to issue a medical-only NCP and resulted in a finding of an unreasonable contest. That case stands for the proposition that an employer must promptly investigate each injury reported and issue either an NCP or denial and, in cases where there is no wage loss for an otherwise compensable injury, subjects itself to attorney's fees and penalties for failure to recognize the injury. Here, Employer issued a medical-only NCP in which it acknowledged Claimant's September 15, 2020 work-related injury but declined to acknowledge compensability of that injury. Claimant then filed a Claim Petition which the WCJ amended to a Review Petition, because the Claim Petition sought to amend the medical-only NCP to include the injury of November 16, 2020, and to establish November 16, 2020, as the date she stopped working (full disability). This scenario is different from *Waldameer Park* in that Employer here filed a medical-only NCP and Claimant's Claim Petition was denied on the grounds that Claimant failed to meet her burden of proof.

11

did not explain his diagnosis. She did not accept Dr. Banco's opinion that there was no injury. The WCJ has complete authority over questions of credibility, conflicting medical evidence and evidentiary weight. *Sherrod v. [Workmen's Compensation Appeal Board] (Thoroughgood, Inc.)*, 666 A.2d 383 (Pa. Cmwlth. 1995). The WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Lombardo v. [Workers' Compensation Appeal Board] (Topps Company, Inc.)*, 698 A.2d 1378 (Pa. Cmwlth. 1997).

Upon review, we affirm. Because [Employer] issued a medical-only NCP, Claimant had the burden of proving any additional injuries and disability. *Inglis House; Ingrassia*. Claimant does not dispute the WCJ's findings. Claimant argues that the WCJ erred by denying the Claim Petition and contends that the appropriate resolution is to grant the [Claim] Petition and suspend indemnity benefits, thus preserving a right to seek reinstatement of indemnity benefits during the period for which compensation for partial disability is payable, pursuant to Section 413(a) of the Act, 77 P.S. § 772.

In a reinstatement petition, the claimant has the burden of proving that her earning power is once again adversely affected and that the disability is a continuation of the disability that arose from the original claim. *Bufford v. [Workers' Compensation Appeal Board] ([North American] Telecom)* 2 A.3d 548 (Pa. 2010). If the claimant has not established disability the case has not advanced to the reinstatement stage. *Klarich v. [Workers' Compensation appeal Board] (Rac's [Association])*, 819 A.2d 626 (Pa. Cmwlth. 2003). As noted by the WCJ, the medical-only NCP remains the controlling document. Claimant has not established disability so there are no indemnity benefits to reinstate.

Claimant does not attempt to distinguish the present matter from *Sloane* . . . (holding that the 500-week period is inapplicable where disability was not recognized by the

12

employer or established by a WCJ). Claimant contends only that the application of *Sloane* is fundamentally unfair, and acts to preclude her from filing future petitions to expand the description of injury and/or establish disability. Because Claimant has petitioned for that relief without success, future petitions will not be barred by *Sloane*, but rather, by res judicata.

(R.R. at 000185a-186a.)

The Board's findings and conclusions will not be disturbed as Claimant has failed to meet her burden of proof to show that her disability is a continuation of the disability that arose from the original claim or that the November injury was work related.

Finally, as to the Claimant's claim for litigation costs, a claimant must prevail on a contested issue in order to be awarded litigation costs. *See Reyes v. Workers' Compensation Appeal Board (AMTEC)*, 967 A.2d 1071 (Pa. Cmwlth. 2009) (the claimant failed to prove that his work injury included the injuries alleged in his claim petition and not acknowledged by the employer, and because the claimant failed to prove that he was disabled as a result of the work injury, the Court found that the WCJ and the Board properly denied the claimant's request for litigation costs); *see also Watson v. Workers' Compensation Appeal Board (Special People in Northeast)*, 949 A.2d 949, 955-56 (Pa. Cmwlth. 2008)

Employer issued a medical-only NCP with description of an injury as low back strain. Claimant did not prevail on the issue of whether she sustained any additional work-related injuries or that she was disabled as a result of the work injury. It was only the non-work-related injury which did not occur until November 16, 2020, that caused her disability. Moreover, Claimant's argument that *Jones v. Workers' Compensation Appeal Board (Steris Corp.)*, 874 A.2d 717 (Pa. Cmwlth. 2005), applies is not persuasive. In *Jones,* the claimant prevailed in part by establishing that he

13

sustained a work-related injury, but failed to prove he was entitled to disability benefits. *Id.* at 721-22. The Court only decided that the claimant might be entitled to reasonable litigation costs expended on the "matter at issue" on which the claimant prevailed. *Id.* at 722. Here, Claimant has not prevailed on any issue.

## CONCLUSION

Based on the above, the WCJ correctly determined that Claimant did not establish the injury was a continuance of the original work injury or that any additional work-related injury was suffered. Having not prevailed on issue, Claimant is not entitled to any litigation costs. Accordingly, we affirm the Board.

_____
PATRICIA A. McCULLOUGH, Judge


Judge Fizzano Cannon did not participate in this decision.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kathy Ann Charter,                :
               Petitioner     :
                               :    No.  1152 C.D. 2022
          v.                  :
                               :
Lehigh Valley Health Network    :
(Workers' Compensation Appeal    :
Board),                            :
             Respondent    :

## ***ORDER***

AND NOW, this 22nd day of  September, 2023, the September 26, 2022 Order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge