**Jimmy JONES, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (STERIS CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 2005.

Decided May 19, 2005.

---

Lawrence R. Chaban, Pittsburgh, for petitioner.

Bruce L. Decker, Jr., Erie, for respondent.

BEFORE: FRIEDMAN, J., and LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge LEAVITT.

Jimmy Jones (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) affirming in part, and remanding in part, a decision of the Workers' Compensation Judge (WCJ). The WCJ held that Claimant established a work-related injury entitling him to medical benefits, but he did not award Claimant disability because there was no loss of earnings associated with the injury. The Board affirmed the WCJ's decision on the merits but ordered a remand so that the WCJ could calculate litigation costs owed to Claimant in light of his partial success. In this case, we decide whether the WCJ will have to exercise discretion on remand, thereby precluding our review of the Board's remand order.

The background to this case is as follows. In 1992, Claimant went to work for Steris Corporation (Employer) in its foundry. He was laid off in 1994. In March 1998, he returned to Employer doing assembly work. Several months later, Claimant was assigned to the position of burr file operator, using such power tools as a dynofile and a high speed grinder.

The dynofile is a small grinder used to remove burrs from metal, and its operation required Claimant to move his arm from side to side. Reproduced Record at 33a (R.R. ____). From 1999 until 2002, Claimant worked a variety of assignments in the warehouse as a stockman and a receiving clerk.

In September 1998, Claimant began to experience severe pain in his right elbow while operating the dynofile and grinder. He sought treatment from Joseph Ferris, M.D., the plant's doctor, on May 25, 1999; treatment with Dr. Ferris continued for several years. In February 2001, Dr. Ferris referred Claimant to other specialists for medical treatment, one of whom served as Claimant's expert in this case.

In January 2002, Claimant returned to the position of burr file operator, which he held until May 2002, when Claimant was laid off. On May 22, 2002, Claimant filed a claim petition seeking medical and disability benefits for his right elbow injury, asserting that it was work-related. Employer filed an answer denying all allegations, and the matter went to a hearing before the WCJ.

In addition to his own testimony, Claimant presented the deposition of D. Patrick Williams, D.O., who is board eligible in orthopedic surgery, and who examined Claimant on March 21, 2002. Dr. Williams diagnosed Claimant with lateral epicondylitis, a condition of uncertain origin according to Dr. Williams, who explained "[n]obody knows if it's from inflammation of the tendons or what exactly causes the pain and discomfort. It has never been proven ... what the pathology of the tendon is." R.R. at 79a. Dr. Williams opined that Claimant's condition was work-related, but he conceded that he did not know what was required physically by Claimant's vari-

ous jobs with Employer. Dr. Williams had never placed any restrictions or limitations on Claimant's work with Employer; however, at the time of his deposition, Dr. Williams opined that Claimant's job responsibilities should be restricted.[1]

Employer presented the deposition testimony of Michael J. Seel, M.D., board certified in orthopedic surgery, who conducted an independent medical examination of Claimant on October 22, 2002. Based upon that examination and his review of Claimant's medical records, Dr. Seel diagnosed Claimant with persistent subjective complaints of pain in the right upper extremity. Dr. Seel opined that Claimant did not sustain a work-related injury because there was no specific or acute precipitating event. Further, Claimant complained of lateral elbow pain, regardless of his job duties. Noting that Claimant reported symptoms as severe in October 2002 as in May 2002, despite not working for several months, Dr. Seel concluded that Claimant's pain was not work-related.

The WCJ credited the testimony of Claimant on the development of his symptoms and that of Dr. Williams on the cause of Claimant's injury as work-related. Accordingly, the WCJ found that Claimant sustained a work-related right elbow injury. Because Claimant worked until he was laid off and had never been restricted in his job duties by his physician, the WCJ held that Claimant's loss of earnings was related to his furlough and not to his work injury. The WCJ granted Claimant's claim petition with respect to medical benefits but denied Claimant disability benefits.

Claimant appealed, and the Board affirmed the decision of the WCJ on the merits. However, because Claimant had

---

1. Specifically, Dr. Williams believes Claimant should not lift more than 25 pounds, and his repetitive motions should be limited to 10 per hour.

been partially successful in his claim petition, it ordered a remand to the WCJ to "calculate and award Claimant litigation costs." Board Opinion at 8. Claimant petitioned for our review, asserting that it was error for the WCJ not to award total disability benefits as of the date he was laid off. Initially, this Court dismissed Claimant's petition because it sought review of an interlocutory order prior to completion of the litigation. Claimant filed for reconsideration, and by order of October 8, 2004, the Court granted reconsideration, directing the parties to address the merits of Claimant's appeal and whether the Board's order is appealable.

■ Claimant's appeal raises two issues.[2] Claimant first asserts that his petition for review is permitted as an interlocutory appeal as of right because the Board's remand order does not require the exercise of discretion by the WCJ. Second, Claimant charges that the WCJ erred in not awarding him total disability benefits because when Claimant was laid off he should have been under work restrictions.

We consider, first, the threshold question of whether we can consider Claimant's petition in light of the Board's remand to the WCJ to award Claimant litigation costs. Where a remand order does not require the exercise of administrative discretion it is appealable as of right. Pa. R.A.P. 311(f) provides in relevant part as follows:

(f) **Administrative Remand.** An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion. . . .

In *SKF USA, Inc. v. Workers' Compensation Appeal Board (Smalls)*, 728 A.2d 385, 387 (Pa.Cmwlth.1999), we held that a remand for computation of benefits did not involve administrative discretion. The question is whether the remand here requires the exercise of discretion by the WCJ.

■ Section 440(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996(a), authorizes an award to a claimant for a "reasonable sum for [litigation] costs." It states, in relevant part, as follows:

In any contested case where the insurer has contested liability in whole or in part, . . . the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined *in whole or in part* shall be awarded, in addition to the award for compensation, *a reasonable sum for costs incurred for* attorneys fee, *witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings:* Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a). The trigger to an award is where a "matter at issue has been finally determined in whole or in part" in favor of a claimant. *Id.* Employer asserts that the calculation of "reasonable" litigation costs inherently requires the exercise of discretion and, thus, the Board's interlocutory order is not appealable under Pa.

---

**2.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Anderson v. Workmen's Compensation Appeal Board (Watkins Motor Lines)*, 671 A.2d 299, 301 n. 2 (Pa.Cmwlth. 1996).

R.A.P. 311(f). Claimant contends that the WCJ has only to perform a simple computation of the type at issue in *SKF USA, Inc.,* and, thus, he may seek immediate review.

Claimant's petition raised two distinct issues: (1) whether he suffered a work-related injury and (2) if he did, whether the injury disabled him from working. On the first issue Claimant prevailed, but on the second issue he did not. With respect to Claimant's costs, the WCJ made a critical factual finding by which, of course, we are bound. Finding of Fact No. 7 provides as follows:

7. The Claimant had the following reasonable litigation costs.

**Medical Records**

| | | |
|---|---|---|
| Hand, Microsurgery & Reconstructive | $ | 18.34 |
| **Hearing Transcripts** | | |
| Sargent's | [$] | 98.15 |
| **Deposition Fee** | | |
| D.Patrick Williams, D.O. | [$] | 1,200.00 |
| **Deposition Transcript** | | |
| Ferguson & Holdnack Reporting | [$] | 140.50 |
| Steffan & Stauffer Reporting | [$] | 110.46 |
| **TOTAL** | $ | 1,567.45 |

WCJ Decision at 2. Although the WCJ has determined that the above-enumerated costs were reasonable, the WCJ did not determine whether they were incurred by Claimant on the issue on which he prevailed or on the issue he lost.

Our precedent on the appropriate application of Section 440(a) of the Act is not entirely consistent. In *Braun Baking Company v. Workmen's Compensation Appeal Board (Stevens),* 136 Pa.Cmwlth. 499, 583 A.2d 860 (1990), we affirmed a decision of a WCJ to award claimant costs in successfully defending an employer's termination petition. Also at issue in that proceeding was employer's suspension petition, on which the employer prevailed. The WCJ awarded the claimant his costs, even though the record did not specify the petition for which his costs were incurred. We upheld the award, reasoning as follows:

> As the claimant inarguably prevailed on a petition to modify benefits, we will not interfere with the [WCJ's] discretionary award of costs in this case, especially since the [WCJ] found these costs to be reasonable.

*Id.* at 864 (emphasis added).[3]

By contrast, in *Holmes v. Workmen's Compensation Appeal Board Pisani Brothers, Inc.,* 86 Pa.Cmwlth. 543, 485 A.2d 874 (1984), we gave a more careful reading of "matter at issue" as used in Section 440(a) of the Act. We held that a claimant was not entitled to costs where it was found by the WCJ that one job was available to the claimant but the other job was not. We held that

> the contested issue—availability of suitable work—was not resolved in [claimant's] favor as to entitle him to costs.

*Id.* at 876. In other words, a claimant must prevail on the contested issue in order to be awarded litigation costs.

Here, Claimant did not prevail, in part or in whole, on the contested issue of whether he was entitled to disability benefits. Had he succeeded, for example, in demonstrating a right to temporary or partial disability benefits, his eligibility for litigation costs on that issue would be manifest. Although Claimant's costs have been found reasonable in the abstract,

---

3. In *Braun,* this Court gave deference to the WCJ's exercise of discretion in determining and awarding reasonable litigation costs. In this case, by contrast, reasonable litigation costs have not been awarded. The WCJ may find that all costs incurred should be awarded because they relate to Claimant's establishment of a work-related injury, "the matter at issue" on which Claimant prevailed. Alternatively, the WCJ may decide that the costs can be attributed to both issues and allocate the costs to determine "a reasonable sum." Section 440(a) of the Act, 77 P.S. § 996(a).

there has been no determination by the WCJ as to whether they were incurred on the winning issue or the losing issue. For litigation costs to be reasonable, the WCJ must ascertain the extent to which they relate to the "matter at issue" on which Claimant prevailed, *i.e.*, establishing a work-related injury. This determination requires the WCJ to exercise discretion on remand and, therefore, Claimant may not appeal this interlocutory order.

For these reasons, we quash Claimant's petition for review.

### ORDER

AND NOW, this 19th day of May, 2005, the petition for review of the July 29, 2004, order of the Workers' Compensation Appeal Board is hereby quashed.