# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Daniels,                              :
      Petitioner    :
            :
    v.                    : No. 1299 C.D. 2015
            : SUBMITTED: November 20, 2015
Workers' Compensation Appeal                  :
Board (Giancarli Construction Co.),           :
      Respondent    :


**BEFORE:**  **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge[1]
      **HONORABLE P. KEVIN BROBSON,** Judge
      **HONORABLE ROCHELLE S. FRIEDMAN,** Senior Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**      **FILED: February 4, 2016**


   Claimant Charles Daniels petitions for review of an order of the Workers' Compensation Appeal Board that affirmed a decision of a Workers' Compensation Judge (WCJ), on remand, determining that litigation expenses in the amount of $2665 for the October 19, 2011 deposition of Claimant's medical expert, Maurice Singer, D.O., should not have been included in the reimbursement paid to Claimant's law firm pursuant to Section 440(a) of the Workers'

---

  [1] This case was assigned to the opinion writer on or before January 31, 2016, when Judge Leadbetter assumed the status of senior judge.

Compensation Act (Act),[2] 77 P.S. § 996(a), and, therefore, ordering that Employer was entitled to a reimbursement of that cost.  We affirm.

In April 2010, Claimant was employed as a laborer for Employer Giancarli Construction Company, earning $23.85 per hour and working forty hours per week, when a support beam fell on his left foot and he sustained a work injury. Initially, Employer issued a medical-only notice of temporary compensation payable describing the injury as a left foot contusion.  In May 2010, Claimant filed a claim petition alleging a work-related injury in the nature of a fractured left foot. In June 2010, Employer issued a notice stopping temporary compensation and a notice of workers' compensation denial alleging that Claimant did not sustain a work-related injury.  Subsequently, Employer filed a termination petition in December 2010, alleging that Claimant had fully recovered from any work injury as of December 1, 2010.  In February 2011, Claimant filed a review petition, seeking to amend the injury description to include ankle and lower back pain.  The petitions were consolidated for hearing.

In December 2011, the WCJ determined that Claimant sustained a strain and sprain of his left ankle, with synovitis, and granted Claimant's claim petition.  The WCJ also granted Claimant's review petition with respect to the allegation of ankle pain, but denied it with respect to the allegation of low back pain.  Further, concluding that Claimant was disabled only for the closed period of April 7, 2010 to December 1, 2010, the WCJ granted Employer's termination petition as of December 1, 2010.  Finally, the WCJ ordered that Employer

_____

[2] Act of June 2, 1915, P.L. 736, added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*.

2

reimburse Claimant's counsel for litigation costs in the amount of $5963.30. Both parties appealed.

In October 2013, the Board affirmed the WCJ's decision on the merits, but vacated it, in part, based on its determination that Claimant was entitled only to reimbursement for litigation costs incurred for prosecuting or defending winning issues. Accordingly, noting that Claimant's bill of costs was not part of the record and that, therefore, it could not determine whether the $5963.30 in litigation costs awarded included the cost of Dr. Singer's second deposition, the Board remanded the matter for the WCJ 1) to make a determination as to whether the cost of that deposition was incurred on the prevailing issues or the losing issues; and 2) to make an award consistent with that determination. In support, it cited *Jones v. Workers' Compensation Appeal Board (Steris Corporation)*, 874 A.2d 717, 721 (Pa. Cmwlth. 2005), holding that "a claimant must prevail on the contested issue in order to be awarded litigation costs."

On remand, the WCJ determined that Dr. Singer in his October 2011 deposition addressed issues on which Claimant did not prevail, such as the attempted addition of a back injury in Claimant's review petition and the alleged full recovery issue in Employer's termination petition. Accordingly, the WCJ in his July 2014 decision concluded that Employer was entitled to a reimbursement in the amount of $2665,[3] but reaffirmed his December 2011 decision and order in all other respects. The Board affirmed, citing *Barrett v. Workers' Compensation Appeal Board (Sunoco, Inc.)*, 987 A.2d 1280 (Pa. Cmwlth. 2010), in support of its conclusion that "[d]isgorgement of litigation costs by a claimant's attorney may be

---

[3] The witness fee for Dr. Singer's second deposition was $2500 and the transcript cost was $165. ($2500 + 165 = $2665)

ordered by a WCJ." Board's July 8, 2015 Decision at 4. Claimant raises two issues on appeal: 1) whether the WCJ erred in failing to award him certain litigation costs in accordance with Section 440(a) of the Act where he successfully litigated his petition, in part; and 2) whether the Board erred in affirming the WCJ's order directing Claimant's counsel to reimburse Employer for those costs, where the WCJ and the Board allegedly lacked jurisdiction to do so.

Section 440(a) of the Act permits an award of reasonable litigation costs to a claimant when a matter at issue has been finally determined, in whole or in part, in his favor.[4] At issue in the present case are the litigation costs for Dr. Singer's second deposition. Claimant deposed Dr. Singer a second time for purposes of rebutting the testimony of Employer's medical expert, John R. Duda, M.D. In that regard, Claimant's counsel stated at the beginning of Dr. Singer's second deposition that the purpose was "to take his opinions as to an IME deposition of Dr. John R. Duda whose report and deposition occurred after Dr. Singer testified on January 26, 2011." Dr. Singer's October 19, 2011 Deposition, Notes of Testimony (N.T.) at 5. She indicated, therefore, that she would be limiting her questions to Dr. Duda's report and Dr. Singer's opinions regarding that report. In response, Employer's counsel stated that, during a conference call, the WCJ "admonished both counsel that he expects this to be a pure rebuttal

---

[4] Section 440(a), in pertinent part, provides:

> (a) In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, … the employe … in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination ….

4

deposition and that's about it and as long as - - and I objected to the doctor's dep, but the [WCJ] overruled me. So, we're here limited to the purposes you said." *Id.* at 5-6. Claimant's counsel agreed with her opposing counsel's summary of the limited purpose of the deposition. *Id.* at 6. *See also* WCJ's December 9, 2011 Decision, Finding of Fact (F.F.) No. 13.

In any event, the WCJ accepted Dr. Duda's opinions that Claimant had fully recovered, that he did not sustain a work-related back injury and that he did not have complex regional pain syndrome. The WCJ rejected Dr. Singer's opinions that Claimant had not fully recovered from his work injury and his diagnoses regarding Claimant's back. *Id.*, F.F. No. 21. Accordingly, Claimant did not prevail on the contested issues for which Dr. Singer testified in his second deposition.

Moreover, we conclude that the WCJ and the Board, respectively, had jurisdiction to make and to affirm the reimbursement of the litigation costs for Dr. Singer's second deposition. *Barrett*, 987 A.2d at 1290 (holding that, where an employer made an overpayment of litigation costs for a deposition, a claimant could be ordered to refund that overpayment). As Employer emphasizes, the WCJ ordered the reimbursement of litigation costs, not workers' compensation benefits. Accordingly, where, as here, the costs attributable to the unsuccessful issues could be segregated, the Board did not err in affirming the WCJ's order directing that Claimant's counsel reimburse Employer for litigation costs in the amount of $2665.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

5

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Charles Daniels,                           :
                              Petitioner    :
                                            :
              v.                            :   No. 1299 C.D. 2015
                                            :
Workers' Compensation Appeal                :
Board (Giancarli Construction Co.),         :
                              Respondent     :

# **O R D E R**

AND NOW, this 4th day of February, 2016, the order of the Workers'
Compensation Appeal Board is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge