IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Miguelina Valerio,                 :
          Petitioner            :
                               :
          v.                   :   No. 1418 C.D. 2018
                               :   Submitted: March 8, 2019
Workers' Compensation Appeal   :
Board (Georgio Fresh Company),  :
          Respondent       :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                  FILED: July 12, 2019

       Miguelina Valerio (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that granted Claimant compensation for a closed period and, thereafter, terminated benefits. In doing so, the Board affirmed the decision of the Workers' Compensation Judge (WCJ) that Claimant proved that her bilateral carpal tunnel syndrome was work-related, but did not prove a work-related back injury. Claimant argues that the Board erred in reaching these conclusions and, further, that it should have granted her application for costs because the claim petition was granted in part. We affirm.

       In 2011, Claimant began working for Georgio Fresh Company (Employer) on a production line, lifting baskets of mushrooms for weighing and returning them to the line for packaging. Claimant alleged that on January 26, 2014, she lost her grip on a basket and in trying to recover it, lost her balance and fell, striking her hands, knees and back on the floor. Claimant sought medical treatment and returned to work the following day. She continued to work until January 19,

2016, when the pain in her arms and back became too intense to work. On June 30, 2016, pursuant to the Workers' Compensation Act (Act),[1] Claimant filed a claim petition asserting that the 2014 incident caused bilateral carpal tunnel syndrome and a low back injury.

On August 9, 2016, Employer filed a medical-only Notice of Compensation Payable (NCP) accepting liability for Claimant's bilateral carpal tunnel syndrome but asserting that the injury was not disabling. On January 10, 2017, Employer filed a petition to terminate benefits, alleging that as of September 21, 2016, Claimant had fully recovered from her bilateral carpal tunnel syndrome and any other work injury she might be found to have suffered in the 2014 incident.

At the hearing before the WCJ, Claimant testified that the 2014 accident occurred because she had lost strength in her hands. When she tried to pick up a basket of mushrooms, she lost her balance and fell. After visiting the emergency room, she returned to work the next day. For the next two months, she did light-duty work until she returned to her pre-injury job. The pain in her arms and back increased over time, and on January 19, 2016, she stopped working.

In support of her claim of a work-related back injury, Claimant presented the testimony of her chiropractor, Lori Kalie, D.C.,[2] who first examined Claimant on June 15, 2016. Claimant reported to Dr. Kalie that in 2014 she fell at work and injured her back. Claimant also reported that treatment she received from a pain management physician did not provide relief. Claimant reported burning, tingling and stabbing pain radiating from her back to the posterior left thigh, for which she wore a lumbar support brace.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2710.

[2] Dr. Kalie did not treat Claimant for carpal tunnel syndrome.

2

Dr. Kalie reviewed a magnetic resonance imaging (MRI) report done on February 16, 2016. It showed bulges at the L5-S1 level that Dr. Kalie believed were caused by trauma. She opined that Claimant's complaints were consistent with the 2014 work incident described by Claimant. She diagnosed Claimant with low back pain, left-side sciatica, muscle spasm, lumbar spine segmental dysfunction, and intervertebral disc disorder, with radiculopathy and lumbar spine stiffness. Dr. Kalie did not believe Claimant could return to her pre-injury position because it required frequent bending and twisting. She restricted Claimant to a maximum of three to four hours a day bending, twisting, or standing.

Claimant also presented the testimony of Norman Stempler, D.O., an orthopedic surgeon, who first examined her on February 1, 2016. He also reviewed Claimant's 2016 MRI report and her 2016 electromyography. He opined that Claimant's work injuries consisted of bilateral carpal tunnel syndrome, for which she needed left carpal tunnel release surgery, and aggravation to her lumbar disc degeneration with intermittent left leg radiculopathy. On cross-examination, Dr. Stempler conceded that Claimant's medical records between the 2014 incident and 2016 did not report any work-related back pain.

Employer presented the testimony of its production supervisor, Magaly Soto Almodovir. On January 26, 2014, Claimant reported that her hands were hurting. Almodovir gave Claimant an injury report to complete, on which Claimant wrote that she injured both hands while weighing mushrooms. The report did not list any witnesses or state that she fell or hurt her back. Claimant was placed on light-duty work for two months, after which she returned to her pre-injury job.

Employer also presented the testimony of Lizbeth Colon, Employer's Human Resources Manager. In January of 2016, Claimant completed a short-term

3

disability leave form on which she stated she was having back problems that were not work-related. Claimant did not state that her inability to work was related to her hands. Claimant received leave under the Family and Medical Leave Act[3] and short-term disability benefits. After the expiration of her benefits, Claimant reported that she remained unable to work. Employer responded that if she did not return by June 5, 2016, her employment would terminate. Claimant filed a claim petition on June 30, 2016.

Finally, Employer offered the testimony of Robert Mauthe, M.D., who conducted an independent medical examination (IME) of Claimant on September 21, 2016. He found Claimant to have multi-level degenerative disc disease that was related to her age, *i.e.,* 56 years. He did not find spinal spasms, and noted that her complaints of pain in response to superficial compression showed symptom embellishment. Her complaints of diffuse left leg sensory loss, which did not correspond to any dermatome or peripheral nerve, were also signs of symptom exaggeration. Importantly, Claimant's emergency room records from January 26, 2014, did not mention complaints of back pain. It was not until June 2016, that Claimant's medical records first note a complaint of work-related back pain, and this was made to Dr. Kalie. Claimant's medical records from 2012 to 2013 show she complained of back pain and sciatica long before her alleged fall at work.

Dr. Mauthe found that the results of the 2014 EMG established that Claimant had work-related bilateral carpal tunnel syndrome. However, the 2016 EMG showed normal sensory distal latencies. Dr. Mauthe stated this was the most sensitive portion of the test. If this test is normal, carpal tunnel syndrome does not

---

[3] 29 U.S.C. §§2601-2654.

exist. Accordingly, Dr. Mauthe opined that Claimant could work at her pre-injury job without restrictions.

The WCJ found that Claimant had sustained work-related bilateral carpal tunnel syndrome as of January 26, 2014. The WCJ credited Dr. Mauthe's opinion that Claimant's bilateral carpal tunnel syndrome had resolved by the date of the IME, *i.e.*, September 21, 2016. However, this work injury did not cause a loss of earning power because Claimant worked from January 26, 2014, until January 16, 2016, when she stopped working due to low back pain. The WCJ found that Claimant's back complaint was not work-related. Claimant's medical records established she had preexisting back pain, and it was questionable that she actually fell at work. Employer's witnesses credibly testified that Claimant never reported that she fell, and none of Claimant's 2014 medical records reported either a fall or a back injury.

Consistent with these factual findings, the WCJ granted the claim petition with respect to Claimant's bilateral carpal tunnel syndrome as of January 26, 2014, and granted Employer's termination petition regarding this injury as of September 21, 2016. The WCJ denied Claimant's bill of costs, which Claimant incurred after Employer filed its NCP. Thus, Claimant was not entitled to an award of costs.

Claimant appealed to the Board, but Employer moved to quash the appeal as lacking specificity. Agreeing that the notice of appeal could have been more precise, the Board, nonetheless, gave it "a generous construction," and decided that Claimant challenged the WCJ's credibility findings and denial of costs. Board Adjudication at 4. The Board affirmed the WCJ's decision on the merits.

5

Claimant petitioned for this Court's review.[4]   First, Claimant argues that the WCJ's findings of fact are not supported by substantial evidence.  Second, Claimant argues that the WCJ erred by denying her bill of costs in light of his decision to grant her claim petition, at least in part.

In a claim for compensation, the claimant must establish that she sustained a compensable injury that has continued throughout the claim petition proceeding.  *Soja v. Workers' Compensation Appeal Board (Hillis-Carnes Engineering Associates)*, 33 A.3d 702, 707 (Pa. Cmwlth. 2011).  It is the claimant's burden to establish a causal relationship between the work injury and the disability, which is a loss of earning power.  *Somerset Welding and Steel v. Workmen's Compensation Appeal Board* (*Lee*), 650 A.2d 114, 117 (Pa. Cmwlth. 1994).  When evaluating the evidence, the WCJ is free to reject the testimony of any witness in whole or in part.  *Minicozzi v. Workers' Compensation Appeal Board (Industrial Metal Plating, Inc.*), 873 A.2d 25, 28 (Pa. Cmwlth. 2005). The WCJ, as the ultimate fact finder, determines the credibility of witnesses and the weight to assign the evidence.  *Green v. Workmen's Compensation Appeal Board* (*Association for Retarded Citizens*), 670 A.2d 1216, 1221 (Pa. Cmwlth. 1996).

---

[4] This Court's review of an order of the Board determines whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or whether an error of law was committed. *Cytemp Specialty Steel v. Workers' Compensation Appeal Board (Crisman)*, 39 A.3d 1028, 1033 n.6 (Pa. Cmwlth. 2012). Review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002).  Capricious disregard of the evidence exists "when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result." *Station Square Gaming L.P. v. Pennsylvania Gaming Control Board*, 927 A.2d 232, 237 (Pa. 2007).

Claimant asserts that the evidence of record does not support the WCJ's finding of fact that her bilateral carpal tunnel syndrome had resolved. By contrast, the record supports the fact that she sustained a work-related back injury. Employer responds that the WCJ credited Employer's evidence that the 2016 EMG established that Claimant's bilateral carpel tunnel syndrome had resolved. Further, Claimant's medical records did not report a fall until 2016, two years after the incident. Nor could Claimant's medical expert explain why a 2014 back injury would suddenly become disabling two years later.

The Board concluded that Claimant specifically appealed two issues, *i.e.*, whether the WCJ's credibility determinations were supported by substantial evidence and whether litigation costs were properly denied. Claimant does not challenge this determination of the Board. In her appeal to the Board, Claimant stated as follows:

> I hereby appeal from the decision of [the WCJ] and allege the following findings of fact are in error and are not supported by substantial evidence, or contain other errors as specifically set forth below. A copy of the [WCJ's] decision is attached.
>
> 3, 16, 18, 20, 22, 23, 24, 25, 28, 29. The defendant did not file a Medical Only Notice of Compensation Payable for carpal tunnel syndrome until after the [C]laimant filed a Claim Petition, so alleging, despite a two-year interval between the [C]laimant's injury and the litigation. Therefore, it was Claimant's efforts that successfully allowed her to receive at least her medical treatment. Claimant requests that the litigation costs be awarded. Claimant also requests review by the [Board] of the denial of her Claim Petition.
>
> ***
>
> Errors of Law:

7

> I hereby appeal from the decision of [the WCJ] and specify the following errors of law committed by the said Judge, and the reasons why the decision does not conform to the provisions of the Workers' Compensation Act or the Occupational Disease Act. A copy of the Judge's decision is attached.
>
> 3, 4, 5, 8, 9.

Certified Record, Item No. 10 at 2 (emphasis omitted). Issues not raised before the Board are waived on appeal to this Court. *Starr Aviation v. Workers' Compensation Appeal Board (Colquitt)*, 155 A.3d 1156, 1162 (Pa. Cmwlth. 2017). Pennsylvania Rule of Appellate Procedure 1551 establishes:

> Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. No question shall be heard or considered by the court which was not raised before the government unit [limited to exceptions regarding jurisdiction, the validity of a statute, or issues that could not have been raised before the government unit].

PA. R.A.P. 1551. In short, we confine our analysis to the issues addressed by the Board.

The WCJ credited Employer's Human Resources Manager, who testified that Claimant did not report a work-related back injury and did not attribute her back problem to her work duties. The WCJ found Claimant's testimony that her back condition resulted from a 2014 fall at work not credible. The WCJ credited the testimony of Employer's medical expert, Dr. Mauthe, who found no evidence of a work-related back injury but, rather, multi-level degenerative disc disease consistent with Claimant's age. The WCJ noted that neither of Claimant's medical witnesses could explain how Claimant could work two years and then suddenly become disabled due to her back problems. The WCJ's findings that Claimant had suffered from bilateral carpel tunnel syndrome in 2014 and that that injury had fully resolved

8

by 2016 are supported by substantial evidence of record. His decision to reject Claimant's evidence is fully explained. We reject Claimant's first assertion of error.

In her second issue, Claimant argues the WCJ should have granted her request for litigation costs because Employer did not acknowledge her bilateral carpal tunnel syndrome as work-related until she filed a claim petition. Employer responds that Claimant's costs were not related to an issue on which she prevailed. Employer acknowledged liability for Claimant's bilateral carpal tunnel syndrome, whereas Claimant did not prevail in her attempt to prove a work-related back injury.

The Act permits an award of costs to a successful litigant in a claim petition. Section 440(a)[5] states as follows:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. §996(a). "This Court has consistently held that 'a claimant must prevail on the contested issue in order to be awarded litigation costs.'" *Reyes v. Workers' Compensation Appeal Board (AMTEC)*, 967 A.2d 1071, 1078 (Pa. Cmwlth. 2009) (quoting *Jones v. Workers' Compensation Appeal Board (Steris Corp.)*, 874 A.2d 717, 721 (Pa. Cmwlth. 2005)).

---

[5] Added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

Claimant requested payment of $3,176.25 for Dr. Stempler's deposition testimony and transcript and $626.25 for Dr. Kalie's deposition testimony and transcript. The Board found the expenses reasonable but held they were not recoverable because they were not incurred before August 9, 2016, the date on which Employer accepted responsibility for Claimant's medical treatment of her bilateral carpal tunnel syndrome. Simply, the costs were not attributable to any contested issue on which Claimant prevailed. We agree with the Board.

Dr. Kalie's testimony related solely to Claimant's back injury, and this claim was denied. Dr. Stempler testified about Claimant's bilateral carpel tunnel syndrome, but he was not deposed until March 31, 2017. By that time, Claimant was aware that Employer had accepted liability for a medical-only work-related bilateral carpal tunnel injury, resolving as of September 21, 2016. Claimant did not prevail on a contested issue and, thus, is not entitled to an award of costs.

Accordingly, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Miguelina Valerio,                          :
               Petitioner          :
                             :
          v.                               :  No. 1418 C.D. 2018
                             :
Workers' Compensation Appeal           :
Board (Georgio Fresh Company),          :
               Respondent        :

# **O R D E R**

AND NOW, this 12th day of July, 2019, the order of the Workers' Compensation Appeal Board, dated September 27, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge