IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kirk Wescoe,                       :
               Petitioner     :
                       :
       v.               :  No. 1393 C.D. 2021
                       :  Argued: September 12, 2022
FedChem, LLC and State Workers'  :
Insurance Fund (Workers'       :
Compensation Appeal Board),    :
          Respondents  :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                    FILED: December 7, 2022

Kirk Wescoe (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed in part and reversed in part the decision of the Workers' Compensation Judge (WCJ). Specifically, the Board affirmed the WCJ's modification of Claimant's benefits but reversed its award of litigation costs. Upon review, we affirm.

## I. BACKGROUND

On September 8, 2011, Claimant sustained a work-related injury to his lower back.[1] Fedchem, LLC (Employer) acknowledged the injury as a lower back strain in a notice of compensation payable, which was later amended to include an L4-5 disc herniation with radiculopathy. Claimant received disability benefits at a weekly rate of $858 based upon an average weekly wage of $1,329.64. On August

---

[1] Unless stated otherwise, we adopt the factual background for this case from the Decision of the WCJ, entered September 22, 2020, which is supported by substantial evidence of record. *See* WCJ Decision, 9/22/20, at 3-8.

18, 2016, Employer and the State Workers' Insurance Fund (collectively, Respondents) filed a petition seeking to modify Claimant's disability benefits based upon their labor market survey and earning power assessment.

At a hearing before the WCJ, both parties presented documentary and testimonial evidence, including testimony from vocational experts. Employer's vocational expert, Julie Stratton, testified that she performed a vocational evaluation of Claimant and found Claimant employable. In June 2016, Stratton sent Claimant two letters, which identified four positions: (1) a dispatcher at Blue Ridge Communications; (2) a customer service position at PenTeleData; and cashier positions available with (3) HMS Host and (4) A Prawn Plus. Regarding the latter two positions, Stratton advised Claimant that he could complete the application for HMS Host online but had to apply in person for the position at A Prawn Plus. Stratton did not state an application deadline for either of these positions. The four jobs paid between $320 and $372.50 per week. Stratton testified that she did not know whether Claimant had applied for the positions identified in her letters.

Claimant presented Dennis Mohn as a vocational expert. Mohn testified that Claimant lacked the necessary computer and customer service skills for the Blue Ridge Communications position; that Claimant was not qualified for the PenTeleData position; that Claimant had no relevant work experience for the HMS Host position; and that Claimant did not have the ability to carry forty pounds or the work experience necessary to work at A Prawn Plus.

On September 17, 2017, the WCJ denied Employer's petition and awarded Claimant litigation costs. According to the WCJ, Employer had not proven that Claimant was afforded an opportunity to perform the four jobs identified for him. Employer appealed to the Board, which affirmed despite noting certain flaws

in the WCJ's analysis. Based on Claimant's credible testimony, the Board agreed that Employer had failed to establish the existence of "vocationally suitable" work. Bd. Op., 11/14/18, at 7.

On appeal to this Court, a panel determined that the WCJ had erred (1) by requiring that Claimant receive a job offer as a condition precedent to modifying benefits and (2) in not addressing the testimony of the vocational experts. *Fedchem, LLC v. Workers' Comp. Appeal Bd. (Wescoe)*, 221 A.3d 348, 357 (Pa. Cmwlth. 2019), *appeal denied*, 232 A.3d 561 (Pa. 2020). The panel therefore remanded for further proceedings. *Id.*

On remand, the WCJ granted the petition. According to the WCJ, three of the job positions identified by Employer were inappropriate for Claimant, but a fourth, the cashier position at HMS Host, was appropriate. The HMS Host position paid $8.00 per hour for 40 hours per week. Accordingly, Claimant's benefits were modified as of August 3, 2016, from the amount of $858.00 to the amount of $673.09 per week. Because the WCJ further reasoned that Claimant was partially successful in defending the petition, the WCJ awarded Claimant litigation costs. Both parties appealed to the Board, which affirmed the modification but reversed the award of litigation costs.[2] Claimant now appeals to this Court.

## II. ISSUES

Claimant asserts that the WCJ erred in granting Employer's modification petition by improperly shifting the burden of proving that the positions

---

[2] The Board dismissed Claimant's appeal based on its conclusion that this Court had directed certain findings be made by the WCJ. Bd. Op., 11/17/21, at 4. That is incorrect. In *Fedchem*, this Court recognized that there was sufficient evidence to substantiate certain findings and directed the WCJ to make credibility determinations. *See Fedchem*, 221 A.3d at 356-57. In the alternative, the Board reviewed the testimony of Claimant and determined that there was sufficient evidence to infer that the HMS Host position remained open and available. Bd. Op., 11/17/21, at 4 n.1.

3

identified by Employer's vocational expert were open and available. *See* Pet'r's Br. at 10. Further, Claimant asserts that the WCJ properly awarded litigation costs when he was successful in part in his defense of the modification petition. *Id.* at 15-17.

## III. ANALYSIS

In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

### A. WCJ Properly Applied the Burden of Proof

According to Claimant, the evidence presented by Employer failed to satisfy Employer's burden of proving that there were positions open and available. *See* Pet'r's Br. at 10. He asserts that, because Stratton testified that she contacted the HMS Host position on the date that she sent the letter to Claimant but was unaware of whether Claimant applied to the position, there was no evidence that the positions remained open and available until Claimant had an opportunity to apply. *Id.* at 11-14 (citing in support *Smith v. Workers' Comp. Appeal Bd. (Supervalu Holdings PA, LLC)*, 177 A.3d 394 (Pa. Cmwlth. 2018) (*en banc*)).[3]

---

[3] In response, Employer contends that this claim is barred by *res judicata* and/or collateral estoppel, because Claimant first raised this issue in response to Employer's initial appeal to this Court, which ruled in Employer's favor. Resp't's Br. at 17-20. Alternatively, Employer contends that the holding in *Smith* should not be given retroactive effect because *Smith* was decided after the WCJ's decision on September 22, 2017. Resp't's Br. at 21-26 (citing *Smith*, 177 A.3d at 394)).

However, for collateral estoppel to apply, it must be shown that 1) the issue decided in the prior case is identical to the one presented in the latter case; 2) there was final judgment on the merits; 3) party against whom doctrine is asserted was party or in privity with a party in the prior case and had full and fair opportunity to litigate the issue; and 4) the determination in the prior proceeding was essential to the judgment. *See Pucci v. Workers' Comp. Appeal Bd. (Woodville State Hosp.)*, 707 A.2d 646 (Pa. Cmwlth. 1998); *see also Weney v. Workers' Comp. Appeal Bd.*

Under Section 306(b)(2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512(2), an employer may seek a modification of a claimant's benefits by (1) offering the claimant a specific job that he is capable of performing, or (2) establishing earning power through expert opinion evidence, which is based on job listings with agencies of the department, private job placement agencies, and advertisements in the usual employment area. *See Kleinhagan v. Workers' Comp. Appeal Bd. (KNIF Flexpak Corp.)*, 993 A.2d 1269, 1275 (Pa. Cmwlth. 2010).

The employer bears the burden of proving the claimant's earning power. *Valenta v. Workers' Comp. Appeal Bd. (Abington Manor Nursing Home and Rehab and Liberty Ins. Co.)*, 176 A.3d 374, 384 (Pa. Cmwlth. 2017). A claimant need not receive a potential job offer in order for the employer to establish that the claimant has earning power. However, the jobs identified by the employer must be "actually open and potentially available, not simply jobs that are already filled with existing employees." *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830, 843 (Pa. 2013). Evidence of a job application alone is insufficient to meet the employer's burden because this evidence "is so ambiguous and so suggestive of different inferences which amount to speculation." *Smith*, 177 A.3d at 404. If there is additional circumstantial evidence about a job application,

_____

*(Mac Sprinkler Systems, Inc.),* 960 A.2d 949, 954 (Pa. Cmwlth. 2008) (discussing requirements to show *res judicata*).

In *Fedchem*, the Court considered whether the WCJ had erred in denying Employer's modification petition without first addressing the testimony of the vocational experts and making credibility determinations thereon. *Fedchem*, 221 A.3d at 354. While recognizing there was *sufficient* evidence in the record to support Employer's burden, *see id.* at 356, we did not make factual findings, nor did we conclude as a matter of law that Employer had met its burden. *Id.* at 357. Rather, we vacated the Board's decision and remanded with express instructions that the WCJ make appropriate credibility findings before deciding "the question of Claimant's vocational suitability." *Id.* Thus, Claimant's argument is not barred by issue preclusion.

however, such evidence may support a finding that the position is open and available. *Id.* A claimant may refute the employer's evidence by showing that the employer's labor market survey was erroneous, or that "the claimant's actual experience with the employers identified in the employer's labor market surveys shows that the positions were not available." *Phoenixville,* 81 A.3d at 844.

This Court's *en banc* decision in *Smith* is instructive. In that case, the Court considered whether the employer had met its burden of proving that the jobs remained "open until such time as the claimant is afforded a reasonable opportunity to apply for them," and whether the WCJ improperly shifted the burden to the claimant to prove that the positions were not available. *Smith*, 177 A.3d at 401-02. The employer's witness identified five jobs compatible with the claimant's vocational and medical restrictions, which were available at the time she conducted the survey. *Id.* at 401. The vocational expert could not testify as to whether the jobs referred were open and available beyond the date that she contacted the prospective employers. However, the claimant testified that he applied for the positions upon receiving the referrals and interviewed for some of the positions. *Id.* at 404. The Court upheld the modification because for two of the five jobs there was sufficient circumstantial evidence, *e.g.*, the claimant's job interview, to corroborate the claimant's job application.

As in *Smith*, there is sufficient circumstantial evidence to corroborate Claimant's application, thus satisfying Employer's burden that the HMS Host position remained open and available. *See Smith*, 177 A.3d at 404. Claimant testified that on August 2, 2016, he physically went to the location for the position and requested that someone print an application. Notes of Testimony (N.T.) from WCJ's Hr'g, 2/1/2017, at 16. A representative at the location indicated that he could

6

not print the application but recommended that Claimant apply online for the position. *Id*. at 17. Thereafter, Claimant testified that he applied for the job. *Id.* Based on this testimony, and the WCJ's credibility findings, the Board inferred that the HMS Host position remained open and available. Bd. Op., 11/17/21, at 4 n.1. Therefore, the WCJ did not improperly shift the burden to the Claimant.

### B. Claimant Not Entitled to Litigation Costs

Claimant asserts that he is entitled to litigation costs because he successfully defended against Employer's petition. *See* Pet'r's Br. at 15-17. According to Claimant, the WCJ credited his challenge to several jobs identified by Respondents that paid much higher wages. *Id.* For example, Claimant notes, the highest paying job identified by Employer would have reduced his benefits to $586.73 per week. *Id.* However, in finding that only the HMS Host position was suitable, Claimant's benefits were only reduced to $673.09, a quantifiable benefit of $86.36 per week or $345.44 per month. *Id.* Thus, Claimant concludes that he is entitled to litigation costs. *Id.*

Section 440(a) of the Act[4] "authorizes an award to a claimant for litigation costs where the claimant prevails in part or in whole." *Reyes v. Workers' Comp. Appeal Bd. (AMTEC)*, 967 A.2d 1071, 1078 (Pa. Cmwlth. 2009). "'[A] claimant must prevail on the contested issue in order to be awarded litigation costs.'" *Reyes*, 967 A.2d at 1078 (quoting *Jones v. Workers' Comp. Appeal Bd. (Steris Corp.)*, 874 A.2d 717, 721 (Pa. Cmwlth. 2005)). "For litigation costs to be reasonable, the WCJ must ascertain the extent to which they relate to the 'matter at issue' on which [the c]laimant prevailed . . . ." *Jones*, 874 A.2d at 722.

---

[4] Added by the Act of Feb. 8, 1972, P.L. 25.

Generally, where a change in a claimant's favor is not the result of his effort to defend against that change, he is not entitled to an award. *See Bentley v. Workers' Comp. Appeal Bd. (Pittsburgh Bd. of Educ.)*, 987 A.2d 1223, 1230 (Pa. Cmwlth. 2009). A claimant is not entitled to reimbursement of any litigation costs in a modification petition where the judge accepted the employer's evidence as to a lower paying position, but not as to a higher paying position, as the only contested issue in the matter was the availability of suitable work and the claimant lost on the issue. *See Jones*, 874 A.2d at 721 (citing *Holmes v. Workers' Comp. Appeal Bd. (Pisani Bros., Inc.)*, 485 A.2d 874 (Pa. Cmwlth. 1984)).

Here, the contested issue was the availability of suitable work. As the Board properly reasoned, Claimant did not prevail on this issue. *See Jones*, 874 A.2d at 721; *Holmes*, 485 A.2d 874. Therefore, the Board appropriately reversed the WCJ's award of litigation costs.

## IV. CONCLUSION

For the foregoing reasons, we discern no legal error in the Board's affirmance of the WCJ's finding that the position was open and available and its reversal of the WCJ's award of attorney's fees. *See Bryn Mawr Landscaping*, 219 A.3d at 1252 n.5. Accordingly, we affirm the Board's order.

_____
LORI A. DUMAS, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kirk Wescoe,                   :
            Petitioner      :
                         :
       v.               :   No. 1393 C.D. 2021
                         :
FedChem, LLC and State Workers'  :
Insurance Fund (Workers'       :
Compensation Appeal Board),    :
         Respondents  :

# **O R D E R**

AND NOW, this 7th day of December, 2022, the Order of the Workers' Compensation Appeal Board, dated November 17, 2021, in the above-captioned matter is AFFIRMED.

LORI A. DUMAS, Judge